UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| PRESS-A-PRINT INTERNATIONAL LLC, a California limited liability company,<br><br>        Plaintiff,<br><br>    v.<br><br>TIM RICHARDSON and VINCE WHALEY dba GENTLEMAN BUSINESS DEVELOPMENT, and PREMIER PRINTING PROFESSIONALS; GENTLEMAN BUSINESS DEVELOPMENT, LLC, an Ohio limited liability company,<br><br>        Defendants. | Case No. 4:09-CV-557-BLW<br><br>**PERMANENT INJUNCTION** |

Pursuant to the parties' Stipulation for Permanent Injunction (Dkt. 31), the Court hereby orders as follows:

**ORDER**

**IT IS ORDERED:**

1.    Defendants are permanently enjoined from purchasing Plaintiff's federally registered trademarks, Reg. Nos. 2,255,358 and 3,034,714, as Internet search keywords from any Internet search engines.

2. Defendants are enjoined from using Plaintiff's federally registered trademarks, Reg. Nos. 2,255,358 and 3,034,714, as metatags within Defendants' website located at URL http://www.thepremieropportunity.com.

3. Defendants shall not so purchase or use as Internet key word search terms any variations of the Plaintiffs common law service mark "PRESS-A-PRINT" or any terms that are confusingly similar to the Plaintiff's registered trademarks and common law service mark. Accordingly, Defendants shall not purchase the following phrases as search terms: "press a print", "press a print", "press print," "print press" or any other combination of the words "press" and "print."

4. To the extent Defendants comply with the terms of this Permanent Injunction and yet still appear in a Google "Sponsored Link" resulting from an Internet search for Plaintiff or its goods or services if such is a result of (a) the functionality of the Google search engine, (b) Defendants' purchasing generic industry words or combinations of generic industry words (including the separate words "print" or "printing"), which combinations are not confusingly similar to the Plaintiff's registered trademarks or common law service mark, or (c) both, then the result is neither attributable to nor caused by Defendants or their actions in violation

of this Permanent Injunction.

5. LIQUIDATED DAMAGES: In the event that a court of competent jurisdiction finds that the Defendants violated the terms of this Permanent Injunction, damages shall be assessed in the amount of TWENTY -FIVE THOUSAND DOLLARS ($25,000.00) in liquidated damages because parties understand and agree that actual damaged caused by a violation would be difficult to prove and that this amount is a reasonable approximation of the damages a violation would cause.

6. Neither party shall publicly announce or disclose, or issue a press release announcing, the fact of entry or the terms of this Permanent Injunction.

7. ATTORNEY FEES: In the event that a court of competent jurisdiction finds that the Defendants violated the terms of this Permanent Injunction, the Defendants shall reimburse the Plaintiff for its attorney fees and costs incurred in conjunction with enforcing the Permanent Injunction.

8. Each party shall bear its own attorney fees and costs incurred in this action.

DATED: **January 14, 2011**

B. LYNN WINMILL
Chief U.S. District Court Judge